Joseph Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Vargas, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Collection Bureau of America, Ltd., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NATURE OF ACTION**

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Mr. Vargas's action occurred in this district, where

Mr. Vargas resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Gerardo Vargas ("Mr. Vargas"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Glendale.

5. Mr. Vargas is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Collection Bureau of America, Ltd. ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Mr. Vargas, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Mr. Vargas is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Mr. Vargas's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely personal and household drinking water equipment and service fees (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In or before July 2012, Mr. Vargas discovered a negative tradeline entry that Defendant had reported on his credit report.

12. The entry reported a total balance due in the amount of $493 as of April 2007, with an alleged date of first delinquency as of November 2006.

13. On July 27, 2012, Mr. Vargas called Defendant, and at such time, spoke with Defendant's agent and/or employee "Clark."

14. During the July 27, 2012 conversation, Mr. Vargas told "Clark" that he would like the negative entry deleted from his credit report and discussed possible settlement of the balance.

15. Clark stated to Mr. Vargas that while the balance had initially been $493 in 2006, that the amount had increased to $771 due to six years worth of interest accrued.

16. Clark stated that debt balance comprised the original water bill of $248, plus an additional $200 for an unreturned water machine, $278 in interest, "and then you've got to pay the fees for coming to collections."

17. Mr. Vargas asked Clark how long the debt would stay on Mr. Vargas's credit report, "because if it's from 2006, isn't it going to come off already?"

18. Clark responded: "No it's not going to come off for another few years. And then it don't fall all the way off, it just says, uh, never paid. Uh, it just updates your credit report to never paid."

19. Also during the July 27, 2012 conversation, Mr. Vargas asked Clark if Defendant sues people to collect debts.

20. Clark stated "No, no, no, we wouldn't do that because you're going to take care of it, right?"

21. Mr. Vargas responded affirmatively, and Clark stated: "Yeah we wouldn't sue you if you're going to take care of it."

22. Although Clark implied that if Mr. Vargas did not "take care of" the debt then Defendant would sue Mr. Vargas, upon information and good-faith belief, Clark had no specific personal knowledge whether Defendant would or would not sue Mr. Vargas to collect the debt.

23. Rather, upon information and good-faith belief, Clark made the above statements to Mr. Vargas simply to coerce him into paying the alleged debt.

24. On July 31, 2012, Mr. Vargas called Defendant and discussed potential settlement of the debt with Defendant's agent and/or employee "Tonya."

25. During the July 31, 2012 conversation, Mr. Vargas negotiated possible settlement of the alleged debt with Tonya and discussed possible deletion of the account from Mr. Vargas's credit report.

26. Mr. Vargas asked Tonya how long it would be before the entry "falls off" his credit report.

27. Tonya responded in a condescending tone: "I'm not the credit reporting agency… but *good luck*.  I mean, it's already been since 2006."

28. Mr. Vargas responded: "So it's, like, almost off?"

29. Tonya replied: " 'Is it almost off?' I'm not the credit reporting agency, sir. And no, they don't usually come off just after 7 years like everybody seems to think that they do."

30. Mr. Vargas continued to attempt to negotiate settlement of the debt, and offered Defendant $100 or $200.

31. During the July 31, 2012 conversation, Tonya told Mr. Vargas that Defendant will not accept that amount, and that Mr. Vargas's offers were "almost a slap in the face to me and my company."

32. In connection with the collection of the Debt, Defendant sent Mr. Vargas written communication dated July 31, 2012, and in such communication, stated in relevant part:

>  Principal:                    $248.04
>  Late Payment Charge/Interest: $278.13
>  Equipment Charge/Misc:        $245.25
>  Total:                        $771.42

(See July 31, 2012 Correspondence, attached as Exhibit A).

33. In connection with the collection of the Debt, Defendant placed a call to Mr. Vargas's cellular telephone number on August 6, 2012 at about 3:55 P.M., and at such time, left the following voicemail message:

> [4 seconds of hold music] Thank you for holding we look forward to talking with you soon please hold the line and we'll be right back with you. [20 seconds of hold music]. Hello. [7 seconds of background noise] Where this chump at? Ah man.

34. By calling Mr. Vargas a "chump" in its August 6, 2012 voicemail message, Defendant used language the natural consequence of which is to abuse Mr. Vargas.

35. In its August 6, 2012 voicemail message, Defendant failed to notify Mr. Vargas that the communication was from a debt collector, and failed to disclose its true corporate or business name.

36. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in its August 6, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Mr. Vargas.

37. During the August 6, 2012 telephone call, Defendant delivered a voicemail message to Mr. Vargas using an artificial or pre-recorded voice before a live person spoke.

38. Upon information and good-faith belief, Defendant placed telephone calls to Mr. Vargas's cellular telephone number using an automatic telephone dialing system.

39. Defendant did not place any telephone calls to Mr. Vargas for emergency purposes.

40. Defendant did not have Mr. Vargas's prior express consent to make any telephone calls to Mr. Vargas's cellular telephone number.

41. Upon information and good-faith belief, Defendant placed telephone calls to Mr. Vargas voluntarily.

42. Upon information and good-faith belief, Defendant placed telephone calls to Mr. Vargas under its own free will.

43. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place telephone calls to Mr. Vargas.

44. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place telephone calls to Mr. Vargas.

45. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Mr. Vargas's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

46. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's harassing efforts to collect the outstanding debt alleged due, Mr. Vargas has suffered mental anguish, emotional distress, and other damages.

47. On November 19, 2012, Mr. Vargas, by and through his counsel, sent Defendant written correspondence requesting, among other things, the evidence and other documents in Defendant's possession related to the alleged debt pursuant to Arizona Administrative Code R20-4-1514 and -1521.

48. Defendant failed to respond to the correspondence, and failed to provide Mr. Vargas's counsel with any evidence of the alleged debt.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692d(2)**

49. Mr. Vargas repeats and re-alleges each and every factual allegation contained above.

50. Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse Mr. Vargas, in connection with collection of an alleged

debt, including by calling Mr. Vargas a "chump" in its August 6, 2012 voicemail message.

WHEREFORE, Mr. Vargas prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Mr. Vargas statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Vargas actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Vargas reasonable attorneys' fees and costs incurred in this action;

e) Awarding Mr. Vargas any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(6)

51.  Mr. Vargas repeats and re-alleges each and every factual allegation contained above.

52.  Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Mr. Vargas prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Mr. Vargas statutory damages, pursuant to 15 U.S.C. §

1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Vargas actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Vargas reasonable attorneys' fees and costs incurred in this action;

e) Awarding Mr. Vargas any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

53. Mr. Vargas repeats and re-alleges each and every factual allegation contained above.

54. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Mr. Vargas's alleged debt.

WHEREFORE, Mr. Vargas prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Mr. Vargas statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Vargas actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Vargas reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Mr. Vargas any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)

55. Mr. Vargas repeats and re-alleges each and every factual allegation contained above.

56. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken, including by falsely representing that Defendant would sue Plaintiff to collect the alleged debt, when upon information and good-faith belief, Defendant did not intend to sue Plaintiff, and could not legally sue Plaintiff as the alleged debt was beyond the limitations period.

WHEREFORE, Mr. Vargas prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

    b) Awarding Mr. Vargas statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Mr. Vargas actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Mr. Vargas reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Mr. Vargas any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)

57. Mr. Vargas repeats and re-alleges each and every factual allegation contained above.

58. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt, including representing that Mr. Vargas's debt would not be removed from his credit report after 7 years on several occasions; and misrepresenting that Mr. Vargas may be sued when upon information and belief, Defendant's employee had no specific knowledge about whether Mr. Vargas would be sued.

WHEREFORE, Mr. Vargas prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Mr. Vargas statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Mr. Vargas actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Mr. Vargas reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Mr. Vargas any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(11)

59. Mr. Vargas repeats and re-alleges each and every factual allegation contained above.

60. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Mr. Vargas during each collection contact that the communication was from a debt collector.

WHEREFORE, Mr. Vargas prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

  b) Awarding Mr. Vargas statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Mr. Vargas actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Mr. Vargas reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Mr. Vargas any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

61. Mr. Vargas repeats and re-alleges each and every factual allegation above.

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Mr. Vargas's cellular telephone, without the prior express consent of Mr. Vargas, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Mr. Vargas prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Mr. Vargas in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Mr. Vargas statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Mr. Vargas actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Mr. Vargas treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Mr. Vargas reasonable attorneys' fees and costs incurred in this action;

g) Awarding Mr. Vargas any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

63.    Mr. Vargas is entitled to and hereby demands a trial by jury.

Respectfully submitted this 28th day of December, 2012.

> By: s/Joseph Panvini
> Joseph Panvini (028359)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> jpanvini@AttorneysForConsumers.com
> Attorney for Plaintiff